## Atlantic Richfield Company v. Pennsylvania Department of Transportation

*Donald Fetzko*, Special Assistant Attorney General, for Commonwealth.

*Martin E. Cusick*, for condemnee.

STRANAHAN, P. J., July 21, 1972.—This matter is before the court as a result of objections to written interrogatories filed by the condemnee. Originally, there were seven interrogatories that were in dispute, but the Commonwealth has withdrawn its objections to interrogatories 1 through 5, inclusive, and this

court must now direct its attention to interrogatories 6 and 7.

Before doing this, however, the record would indicate that the written interrogatories were filed on May 17, 1972, and the answers to interrogatories in which the objections were contained were filed on June 1, 1972.

The condemnee contends that under Pennsylvania Rule of Civil Procedure 4005(b) the Commonwealth is required to file and serve written objections to the interrogatories within 10 days of service and that failing this, they have waived their right to make such an objection. The record is not too clear as to when service was made of the condemnee's interrogatories on the Commonwealth, but it would appear to this court that if the Commonwealth was dilatory in answering the written interrogatories and objecting to the content of the interrogatories, such lack of punctuality was minimal and amounted to possibly a few days.

While there is authority in Nissley v. Pennsylvania Railroad Company, 435 Pa. 503, to the effect that the 10-day rule will be strictly enforced, it is obvious from the facts of the case that defendant was possibly prejudiced by failure of the lower court to enforce the 10-day rule.

In Construction of Vine Street Extension, 18 D. & C. 2d 115, the court was confronted with the same problem and concluded that while the Commonwealth must follow the same rules as every other litigant, since there was no apparent prejudice resulting from the late filing, the court would not deem that the right to file objections was waived.

We conclude in the present case that the lack of promptness on the part of the Commonwealth does not prejudice the condemnee and does not constitute a waiver of the Commonwealth's right to objections to the interrogatories.

We now turn our attention to interrogatories 6 and 7, which are as follows:

"6. State the names of all persons who have been engaged to make appraisals of the subject property.

"7. If appraisals have been made and reports have been received, attach copy of appraisal report with all supplemental documents."

We believe that the objection to interrogatory 6 is proper under the rule of Nissley v. Pennsylvania Railroad Company, supra. In that particular case, plaintiff was asked to state the name and address of every physician whom plaintiff or anyone acting on her behalf had consulted. The court held that plaintiff could be required to divulge the identity of expert medical witnesses, but to require plaintiff to divulge all medical experts who had been consulted was too broad in scope and was properly objected to under provisions of Pa. R. C. P. 4011(d).

We believe that interrogatory 6 is too broad in that it requires the Commonwealth to divulge the names of all persons engaged to make appraisals whether those persons are to be used as witnesses or not. The distinction is, to our way of thinking, quite logical, because the requirement that a party reveal its witnesses permits the opposite party to prepare in advance the information necessary to attack that witness's qualifications. However, when the interrogatory seeks to require the adverse party to name persons who have been engaged in making appraisals, whether those persons are to be called as witnesses or not, it goes beyond the scope of requiring a witness's name to be revealed and is, in our opinion, the type of discovery condemned by Pa. R. C. P. 4011(d).

We believe that interrogatory 7, which solicits information concerning reports that have been made of appraisals, is improper and in violation of rule 4011-

(d). While we realize that it may be difficult to distinguish in condemnation cases what information is gathered in preparation for litigation and the information that may be gathered in order to arrive at other cost factors such as cost of constructing the project, yet the fact remains that a review of the cases would indicate that appraisal information of the type sought by condemnee is protected under rule 4011(d) and is considered to be information secured in anticipation of litigation. There are a number of cases that consider this problem. These cases include Musulin v. Redevelopment Authority of City of Johnstown, 25 D. & C. 2d 267; Commonwealth v. Mitchell, 46 D. & C. 2d 174; Commonwealth v. Pierson, 35 D. & C. 2d 649.

We, therefore, must sustain the objections to interrogatories 6 and 7.

## ORDER

And now, July 21, 1972, the Commonwealth's objections to interrogatories 6 and 7 are sustained and exceptions are granted to the condemnee from this rule of court.